VEESER v. ROBINSON HOTEL CO.

1. CORPORATIONS—DIRECTORS—FIDUCIARIES.

The directors of a corporation stand in a fiduciary relation to the corporation and to its creditors.

2. SAME—DIRECTORS DEALING WITH CORPORATION.

Directors of a corporation may deal with it if their acts are open and aboveboard and known to the directors of the corporation where director dealing with the corporation is not in control thereof.

3. SAME—DIRECTORS—CONTRACTS—STATUTES—BURDEN OF PROOF OF VALIDITY.

No contract of any corporation made with any director is invalid because of that fact alone but when validity is questioned, the burden of showing fairness of transaction is upon party asserting it (Act No. 327, § 13, subd. 5, Pub. Acts 1931).

4. SAME—GOOD FAITH—DISINTERESTED CORPORATE AGENT.

Rule permitting director of corporation to deal with it in good faith is limited to where corporation is represented by a quorum of disinterested directors or other independent officers or agents authorized to contract for it and even then the director has burden of showing validity of contract and fairness and honesty of dealings of director with the corporation.

5. SAME—HOTELS—LEASE—CONSIDERATION.

Lease of hotel, by corporation owning it, to two of its directors at greatly reduced rent while valid lease was still in force *held*, void where corporation was not represented in the making of the lease by a quorum of disinterested directors or other independent officers or agents authorized to contract for it and no consideration passed to corporation for setting aside valid lease.

6. SAME—GOOD FAITH TOWARD MINORITY—RETURN ON INVESTMENT.

Majority in control and management of a corporation must use utmost good faith as to minority and essence of such trust is that corporation must be so managed as to produce to each stockholder the best possible return upon his investment.

7. ACCOUNTING—HOTEL LEASE MADE WITH CORPORATE OWNER'S DIRECTORS.

Basis of accounting by directors who made void lease of hotel property to themselves while valid lease was still in force is amount called for by valid lease.

Appeal from Iron; Bell (Frank A.), J. Submitted January 18, 1936. (Docket No. 33, Calendar No. 38,670.) Decided March 2, 1936. Rehearing denied April 7, 1936.

Bill by Henry J. Veeser, E. M. Libby and Earl J. Van Ornum, as trustees of the First National Bank of Iron River, a defunct Federal banking corporation, against Robinson Hotel Company, a Michigan corporation, Charles A. Robinson and Clara L. Robinson, to enforce the transfer of corporate stock, to set aside a lease, for an injunction and other relief. Decree for plaintiffs. Defendants appeal. Plaintiffs' cross-appeal. Modified and affirmed.

*Fred F. Murphy* and *L. A. Lyon,* for plaintiffs.

*Fred H. Abbott* and *M. S. McDonough,* for defendants.

POTTER, J. Defendants Charles A. Robinson and Clara L. Robinson were the owners of the Iron Inn,

in Iron River, Michigan. In 1928, they organized
the Robinson Hotel Company and the property was
transferred to it. There was approximately $18,000
of outstanding preferred stock, 400 shares of com-
mon stock of the Robinson Hotel Company. Of this
common stock, Charles A. Robinson and wife owned
399 shares, 349 shares of which were taken in the
name of Charles A. Robinson.

March 14, 1928, the Robinson Hotel Company
leased to Robinson for 10 years, from April 1, 1928,
the hotel property for a rental of $600 a month.
May 23, 1930, the Robinson Hotel Company sold the
hotel to one Hardy for $53,500 and Robinson sold
the furniture therein to Hardy for $9,000. Robinson
assigned his lease of the hotel to Hardy and the
lease was immediately reassigned by Hardy to
Robinson. June 17, 1930, the Robinson Hotel Com-
pany extended the Robinson lease 10 years. June
14, 1932, a deed of the hotel property was given by
the Robinson Hotel Company to Hardy and Hardy
gave back a mortgage to the Robinson Hotel Com-
pany in the sum of $34,000, and Robinson repur-
chased the furniture from Hardy for $15,000 and
gave back a chattel mortgage thereon. Hardy, in
the meantime, had sold the hotel to the Hardy Con-
tinental Hotel System, and on February 10, 1933,
the Hardy Continental Hotel System conveyed the
hotel back to the Robinson Hotel Company. Robin-
son and wife were to pay $2,000 for a quitclaim
deed, and upon this transaction $1,400 is yet due.

October 12, 1933, Robinson and wife, two of the
directors and the owners of the majority of the
stock of the Robinson Hotel Company, held a meet-
ing in which they reduced the rent from $600 a
month to $200 a month. It is conceded the rent of
$600 a month was high and so understood by all

parties, but fixed at that amount in order to provide a fund for the retiral of the preferred stock.

Robinson owed the bank about $11,000. The bank became insolvent, was reorganized, and the non-liquid assets, including the Robinson notes, turned over to trustees for liquidation. Robinson had deposited 349 shares of stock of the Robinson Hotel Company with the bank as collateral to his notes. This stock was sold by the liquidating trustees at pledgees' sale and they asked to have the stock transferred to them on the books of the Robinson Hotel Company. Robinson then called a meeting of the stockholders of the hotel company, declared the books of that company closed and proposed to issue additional stock. Whereupon, the bill was filed herein to declare plaintiffs the owners of the stock entitled to have the same transferred on the books of the Robinson Hotel Company and restraining defendants from holding the meeting in question, and for an accounting.

There is no serious dispute in the case except as to the holdings of the trial judge. After quoting the witnesses, who felt defendant Robinson could not afford to pay the rent called for by the lease, and the same was fixed at $600 a month for the purpose of producing a fund that would retire the preferred stock, and that such lease had been renewed at a later date, he said:

"At the same time, I feel that it is unjust in the light of the same testimony for this court to render a decree against Mr. Robinson for the difference between the amount of rent he has paid and $600 a month. I am inclined to take the bit in my teeth and to hold that that rent should be, under the testimony of the plaintiffs themselves, adjusted on a basis of $300 a month, and that up to January 1, 1935, which is the date of the auditor's report, and

that the decree should cover only that difference. But that it should be limited to January 1, 1935, beginning from the time he commenced to pay on the claimed new lease which was February 10, 1933."

The defendants claim the meeting of 1933 at which the rent was reduced to $200 a month was valid, free from fraud either actual or constructive, and defendant Robinson should be held to account only for rental on the basis of $200 a month. Plaintiffs claim this meeting of 1933 having been held by the trial court fraudulent and void, there was no valid reduction of the rent from $600 to $200, and, therefore, the defendant Robinson must account for the rent upon the basis of $600 a month.

The directors of a corporation stand in a fiduciary relation to the corporation and to its creditors. They may deal with it if their acts are open and aboveboard and known to the directors of the corporation, where the director dealing with the corporation is not in control thereof. *Barnes* v. *Spencer & Barnes Co.*, 162 Mich. 509 (139 Am. St. Rep. 587); *Quinn* v. *Quinn Manfg. Co.*, 201 Mich. 664; *Patrons' Mutual Fire Ins. Co.* v. *Holden*, 245 Mich. 493.

The statute provides that no contract of any corporation made with any director shall be invalid because of that fact alone. Act No. 327, § 13, subd. 5, Pub. Acts 1931. But when the validity of such contract is questioned, the burden of proving the fairness to the contracting parties of any such contract is upon such director, or other person, or group, or corporation, who asserts the validity of such contract. *Ibid.*

The rule which permits a director of a corporation to deal with it, even in good faith, is limited to those cases where the corporation is represented

by a quorum of disinterested directors or other independent officers or agents authorized to contract for it. 14a C. J. pp. 119, 120. And, even then, the burden of showing the validity of the contract and the fairness and honesty of the dealings of the director with the corporation is on him. *Patrons' Mutual Fire Ins. Co.* v. *Holden, supra.*

The contract of lease of 1933 is void. The corporation was not represented in the making of the lease of 1933 by a quorum of disinterested directors or other independent officers or agents authorized to contract for it. Even if the meeting of the board of directors at which the contract was made was regularly called and held, such lease to defendant Robinson was authorized only by himself and wife who were directors of the corporation.

In *Miner* v. *Belle Isle Ice Co.,* 93 Mich. 97 (17 L. R. A. 412), it was held that contracts fixing rentals entered into under circumstances analogous to those obtaining here were not only voidable, but absolutely void. The law requires of the majority the utmost good faith in the control and management of the corporation as to the minority and it is the essence of this trust that it must be so managed as to produce to each stockholder the best possible return upon his investment. The outstanding lease on the basis of $600 a month was entered into with full knowledge of all of the facts and was in force at the time of the 1933 meeting. No consideration passed to the corporation for setting aside this lease, and the new lease of 1933 on a room-rent basis cannot be held to have been legally authorized or executed. Under the circumstances, the basis of defendants' accounting to plaintiffs must be on the basis of $600 a month.

The decree of the trial court will be modified, with costs to cross-appellants, and decree entered in accordance therewith.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred.